## American Railway Express Company v. Lancaster.

(Decided June 5, 1923.)

### Appeal from Kenton Circuit Court, (Criminal, Common Law & Equity Division).

1. Appeal and Error—Instruction that Violation of Ordinance was Negligence Held Invited by Appellant.—Even if it was error to instruct that the violation of a city ordinance was negligence, without proof of the law of the state within which the accident occurred, the error was invited by appellant, who had offered the ordinance in evidence and asked an instruction based on its provisions.

2. Appeal and Error—Failure of Instructions Expressly to Require Ordinary Care in Operation of Plaintiff's Car Held Not Prejudicial.—Even though there was slight ground for criticism of the instructions for failure to impose upon plaintiff the duty to exercise ordinary care in the management of his automobile, the error was not prejudicial to defendant, where the instructions correctly stated the duty of plaintiff in approaching the inter-

section of the street as well as the duty of defendant's driver, and thus presented in a concrete form the facts that would authorize a recovery as well as those which would constitute a defense.

3. Evidence—Statement Physician was Testifying from Experience does Not Detract from Weight of Testimony.—A statement by a physician testifying as to the nature of plaintiff's injury, and its probable duration, that he was speaking just from his experience, manifestly was intended to refer to his experience as a physician, and added weight to instead of detracting from, his testimony, and therefore did not reduce his opinion to the value only of that of a layman.

4. Damages—$525.00 for Injuries to Knee Held Not Excessive.—A verdict awarding plaintiff $525.00 for injuries to his knee, which there was medicial evidence to show might be permanent, is not so excessive as to strike the court at first blush as being the result of passion and prejudice.

W. A. PRICE and S. D. ROUSE for appellant.

B. F. GRAZIANI for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

·J. M. Lancaster brought this suit against the American Railway Express Company to recover for injuries to his person and to his automobile. From a verdict and judgment in his favor for $800.00 the express company appeals.

In addition to a denial of the allegations of the petition, and a plea of contributory negligence, appellant filed an amended answer setting forth certain provisions of the traffic ordinance of Cincinnati, and alleging that said ordinance became effective on October 7, 1920, and had ever since been in force throughout the boundaries of the city. Afterwards, appellee filed an amended petition setting forth other provisions of the same ordinance.

The accident occurred at the intersection of Pike and Pearl streets in Cincinnati. According to appellee and his witnesses, appellee was driving a Ford car west on the right hand side of Pearl street between the street car tracks and the curb. When within a short distance from the corner, appellant's truck, which had been going south on Pike street, cut the northeast corner and collided with the Ford. On the other hand, appellant's witnesses say that as the truck turned to go east on Pearl street, it kept to the right of the center of the intersection, and that appellee drove into the truck.

The court instructed under the traffic ordinance of Cincinnati.

It is first insisted that the court erred in assuming in its instructions that a violation of the traffic ordinance of Cincinnati was negligence, without any proof that such was the law of Ohio. Though it may be true that the legal effect of the ordinance, as applied to the facts, was not properly pleaded, there was no objection to the pleadings on that score, and it is apparent from all that occurred on the trial that both parties not only relied on the ordinance in question but assumed that a violation of its provisions would constitute negligence. Indeed, appellant offered the ordinance in evidence, and asked an instruction based on its provisions. While this instruction was not given, another instruction embodying the same provisions was given. Therefore, if it be conceded that the court erred in the respect complained of, it is clear that appellant was responsible for the error, and is not now in a position to complain.

Another insistence is that the instructions did not impose upon appellee the duty to exercise ordinary care in the management and control of his machine, or properly present the defense of contributory negligence. While there may be slight ground for criticism of the instructions on this score, yet, as they fully apprised the jury of the obligations and duties of appellee in approaching the intersection as well as the obligations and duties of the driver of the truck in approaching the intersection and making the turn, and thus presented in a concrete form the facts that would authorize a recovery, as well as the facts that would constitute a defense, we are convinced that the error complained of was not prejudicial to the substantial rights of appellant.

It is also insisted that the verdict was excessive. The whole finding was $800.00. The damage to the machine was $175.00. The medical bill was $50.00. Appellee's principal injury was to his knee. The attending physician found the knee swollen and very painful to the touch. In his opinion, one or more of the ligaments had been strained or turned. Speaking from experience, the knee joint, when once hurt, remains more or less weak. In doing straining work, it becomes painful and loses a part of its mobility. According to his best judgment, the injury to appellee's knee would be likely to last him through life. On the other hand, the physicians who testified for

the company say that appellee's knee had been completely cured. It is insisted that because the attending physician used the words, "I am speaking just from my experience," his evidence was of no greater value than that of a layman. It is evident, however, that the witness spoke from his experience as a physician. Clearly such experience would add weight to, rather than detract from, the value of his testimony. On the whole we cannot say that the finding of $525.00 for personal injuries was so excessive as to strike us at first blush as being the result of passion or prejudice.

Judgment affirmed.